IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN THI TRAN NGUYEN,   )<br>                                   )<br>        Plaintiff,                )<br>                                   )<br>    v.                             )<br>                                   )<br>                                   )<br>RANDY TEWS, et al.,          )<br>                                   )<br>        Defendants.          )<br>_____ ) | No. C 13-01012 EJD (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a prisoner incarcerated at the Federal Correctional Institution in Dublin, California, filed a pro se petition for a writ of mandamus, seeking "unconditional release... due to violation of her constitutional rights under color of authority [*sic*]." (Docket No. 8.) In the petition, Plaintiff asserts that this Court has jurisdiction over this matter pursuant to the "PLRA." (Id. at 2.) Thereafter, she filed a complaint under 42 U.S.C. § 1983, which the Court construed as an amended complaint. (See Docket No. 10). For the reasons discussed below, this action is DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff has paid the filing fee.

///

///

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Exhaustion**

Plaintiff claims that there is incorrect information in her personal file which she has requested prison officials to correct. (Compl. at 2.) She also asserts "deprivation of visitation rights, attorney-client privilege communication, access to the court, safety bed condition and environmental safety." (Id.) Lastly, she claims "poor medical, dental and eye care" for various medical conditions. (Id.) For all these general allegations, Plaintiff indicates that the last level to which she appealed was not the highest level of appeal available to her. (Compl. at 2.)

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548

U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile. The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Ngo, 548 U.S. at 93. Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

A federal prisoner must exhaust his administrative remedies with the BOP before filing a Bivens claim in federal court. See 42 U.S.C. § 1997e(a); Lunsford v. Jumao-As, 155 F.3d 1178, 1179 (9th Cir. 1998), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001); Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001). A federal prisoner may seek formal review of an issue that relates to any aspect of his imprisonment under 28 C.F.R. § 542.10. The procedure requires that the prisoner first address his complaint to the institution staff. See 28 C.F.R. § 542.14(c)(4) (1997), Form BP-9. If dissatisfied with the response at that level, the

1  inmate may appeal his complaint to the regional Director of the Bureau of Prisons
2  ("BOP").  See id. § 542.15(a), Form BP-10.  Finally, the prisoner may appeal his
3  case to the General Counsel in the Central Office of the BOP, which is the "final
4  administrative appeal."  See id., Form BP-11.

5        Here, Plaintiff indicated on the complaint that the last level to which she
6  appealed was not the highest level of appeal available to her.  (Compl. at 2.)
7  Plaintiff asserts that she was never given the forms although she requested them on
8  numerous occasions.  (Id.)  However, she also states earlier in the complaint that she
9  was provided a BP-9 form to grieve a disciplinary matter.  (Id.)  Plaintiff alleges
10 delays in the reply to her grievances.  (Id.)  Nevertheless, these delays are not
11 sufficient grounds for her to avoid the PLRA's exhaustion requirement.  As it is
12 clear that Plaintiff has not "properly exhausted" her claims by pursuing all levels of
13 administrative review available to her, and there is no applicable exception to the
14 exhaustion requirement, dismissal without prejudice is appropriate.  Ngo, 548 U.S.
15 at 93.

16 **B.     Request for Transfer**

17       Plaintiff seeks relief by way of a transfer to another prison facility "while
18 awaiting for her habeas corpus execution to liberate the party from unconstitutional
19 incarceration.  (Compl. at 3.)  Plaintiff also alleges that her transfer to the current
20 facility was done to punish her for filing suits against officials.  (Id. at 1.)  However,
21 this claim fails to state a claim under § 1983 because prisoners have no
22 constitutional right to incarceration in a particular institution.  See Olim v.
23 Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. at 224.  A
24 prisoner's liberty interests are sufficiently extinguished by his conviction that the
25 state may generally confine or transfer him to any of its institutions, to prisons in
26 another state or to federal prisons, without offending the Constitution.  See Rizzo v.
27 Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225)
28 (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461

Order of Dismissal
G:\PRO-SE\EJD\CR.13\01012Nguyen_dism.wpd       4

*United States District Court*
*For the Northern District of California*

U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison). Furthermore, a non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). Accordingly, to the extent that Plaintiff is claiming that her placement at the Dublin Camp is unconstitutional, the claim is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

## CONCLUSION

For the foregoing reasons, this action is hereby DISMISSED, without prejudice to Plaintiff's refiling his claims after all available administrative remedies have been exhausted. Furthermore, Plaintiff's claim seeking a transfer to another facility is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall terminate any pending motions and close the file.

DATED: 6/11/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\EJD\CR.13\01012Nguyen_dism.wpd          5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAN THI TRAN NGUYEN,

        Plaintiff,

  v.

RANDY TEWS, et al.,

        Defendants.

Case Number: CV13-01012 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/11/2013 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lan Thi Tran Nguyen 33836-112
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
5701 8th Street Camp Parks
DUBLIN, CA 94568

Dated:  6/11/2013

                                                Richard W. Wieking, Clerk
                                                /s/ By: Elizabeth Garcia, Deputy Clerk